*The Law Office of*
*John Richard Bordallo Bell*
341 S. Marine Corps Drive
RK Plaza Suite 309
Tamuning, Guam 96913
Tel: (671) 646-5722 (JRBB)
john.r.b.bell@gmail.com
*Attorney for Plaintiff Nina M. Fejeran*



FILED
DISTRICT COURT OF GUAM
SEP 01 2015
JEANNE G. QUINATA
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

NINA M. FEJERAN,

    Plaintiff,

vs.

GUAM PUBLICATIONS, INC., dba PACIFIC DAILY NEWS and GANNETT CO., INC.,

    Defendants.

CIVIL CASE NO. CV 15-00031

**VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL**

### I. Jurisdiction, Venue, and Parties

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (Federal Question).

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination and retaliation. Jurisdiction is further conferred on this Court by 42 U.S.C. Section 2000e(5). Equitable and other relief are also sought under 42 U.S.C. 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. Sections 1343 and 42 U.S.C. Sections 1981 et seq and this

VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 1

Court may exercise supplemental jurisdiction of all related territorial based claims.

3. Plaintiff has complied with all conditions precedent to maintain an action under Title VII and 42 USCA §2000e, et seq, to wit:

   a. On December 6, 2013, Plaintiff filed EEOC Charge No. 34G-2014-00016 citing retaliation against her following her sexual harassment complaint against her supervisor, as further described herein.

   b. On June 3, 2015, the EEOC issued a Notification of Right to Sue regarding Plaintiff's complaint against Defendant wherein the EEOC "found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief."

   c. A true and correct copy of the Notice is **attached herein as *Exhibit A*.**

   d. This complaint has been filed within ninety (90) days of the receipt of the Notification of Right to Sue.

4. Plaintiff, Nina M. Fejeran, ("Fejeran") is a U.S. citizen who at all relevant times herein resided in Colorado and Guam.

5. Upon information and belief, Defendant Gannett Company, Inc. ("Gannett") is a publicly traded media holding company headquartered in Tyson's Corner, Virginia.

VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 2

6. Upon information and belief, the Pacific Daily News ("PDN") is a local daily newspaper published on Guam which is owned by Gannett.

7. The unlawful employment practices described herein by Gannett and PDN (collectively, "Defendants") were committed within the territory of Guam.

8. Fejeran has been discriminated against in ways that deprive and tend to deprive her of equal employment opportunities and otherwise affect her status as an employee because she engaged in protected activity when she complained to Defendants regarding her supervisor's sexual harassment.

## II. Statement of Facts and Claims

9. On February 6, 2012, while Fejeran was living in Colorado, Guam Publications, Inc., owned by Gannett, hired Fejeran as a Computer Systems Analyst I, at a salary of $42,640.00 per year, to work at the PDN.

10. Fejeran paid her own relocation expenses, which totaled nearly $14,000.00.

11. Per Gannett's job offer, Fejeran was expected to work on Macintosh and other Apple devices within the PDN's technology infrastructure, reporting directly to Jim Bryce ("Bryce"), the PDN's Information Technology Systems Manager.

12. On December 17, 2012, the PDN awarded Fejeran with the "Star Employee of the Month" Award for November 2012.

13. By January of 2013, Bryce was promoted to PDN's Director of Operations, while Fejeran, per representations by Defendants' management, was to be promoted to PDN's Information Technology Systems Manager.

VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 3

14. Pursuant to Defendants' promise to promote Fejeran, Fejeran immediately began taking on new responsibilities and attended Management training in March of 2013.

15. On or about March 11, 2013, Defendants hired Angela San Nicolas ("San Nicolas") to work at the PDN as a Systems Analyst.

16. Fejeran was tasked by Defendants with helping to train, mentor, and supervise San Nicolas.

17. In June of 2013, Marissa Causito ("Causito"), an assistant in PDN's Human Resources Department, discovered that Bryce was engaging in inappropriate behavior toward Fejeran and demanded that Fejeran report Bryce's behavior lest Fejeran herself face disciplinary action for failure to report Bryce.

18. Causito was abruptly terminated by Defendants shortly after Causito's discovering and acting on Bryce's misconduct.

19. On or about June 26, 2013, upon Defendants' inquiry, Fejeran reported to PDN's Publisher, Rindraty Limtiaco ("Limtiaco"), that Bryce had been sexually harassing Fejeran almost from the very beginning of her tenure.

20. Defendants placed Fejeran on leave, investigated Fejeran's allegations, found them to be meritorious, and terminated Bryce within approximately one week.

21. Upon Bryce's termination, Fejeran was permitted to return to work, but was denied her promotion as a result of Defendants' retaliatory animus.

22. On or about July 4, 2013, rather than promoting Fejeran to take over Bryce's recently vacated position as PDN's Information Technology Systems Manager, as Defendants promised Fejeran before her complaint against Bryce, as a result of retaliatory animus, Defendants instead promoted Roland Sondia ("Sondia") to supervise both Fejeran and San Nicolas.

23. Upon Fejeran's return to work, as a result of retaliatory animus, Limtiaco and Human Resources manager Edna Nery ("Nery") accused Fejeran of trumping up the sexual harassment charges against Bryce so that Fejeran could obtain the use of a company-issued cellular phone issued by Bryce to Fejeran's teenage daughter.

24. Notwithstanding Fejeran's explanation that she was unaware Bryce had issued Defendants' cellular phone to Fejeran's daughter, as a result of retaliatory animus, Limtiaco coerced Fejeran into paying back hundreds of dollars in long-distance charges incurred by Fejeran's daughter, even though Limtiaco acknowledged the phone was issued by Bryce without Fejeran's knowledge that the phone belonged to Defendants.

25. Defendants' Management, including but not limited to Sondia and Limtiaco, immediately after Fejeran's complaint regarding Bryce, began to criticize and scrutinize Fejeran's work performance in ways they had never done before Fejeran had complained about being sexually harassed by Bryce.

26. Defendants' management, including but not limited to Sondia and Limtiaco, as a result of retaliatory animus, aggressively and unreasonably tasked Fejeran with many of Bryce's former duties, despite Defenants' refusal to promote Fejeran to Bryce's former position, and without any corresponding pay increase.

27. Since her allegations against Bryce, as a result of retaliatory animus, Fejeran was generally shunned and unsupported by Defendants' management.

28. Still, due to Sondia's lack of technical knowledge in multiple technological areas of competence, in addition to handling many of Bryce's old technical duties, Fejeran was tasked with training both Sondia and San Nicolas.

29. Fejeran was unduly singled out by Defendants' management, as a result of retaliatory animus, in denying several vacation requests made subsequent to her allegations against Bryce.

30. Subsequent to Fejeran's complaint against Bryce, as a result of retaliatory animus, Defendants' management intentionally, unreasonably, and aggressively required Fejeran to handle equipment trouble calls at all hours of the day and night, even when Fejeran was severely ill, even when Defendants' management had other national troubleshooting and maintenance resources at its disposal, and which caused Fejeran to suffer substantial emotional distress to the point of becoming significantly physically ill.

VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 6

Case 1:15-cv-00031 Document 1 Filed 09/01/15 Page 6 of 10

31. In November of 2013, while discussing her work performance, and with San Nicolas present, Sondia physically and verbally threatened Fejeran by pointing his finger just inches from her face while repeatedly shouting, "shut the fuck up!"

32. On November 11, 2013, shortly after witnessing Sondia scream and curse at Fejeran, San Nicolas turned in her resignation.

33. The next day, having been constructively discharged as a direct and proximate result of Gannett's PDN management's intentional and retaliatory threats and oppressive tactics, Fejeran turned in her resignation.

34. In her resignation notice to Gannett's PDN management, Fejeran specifically cited the offensive and unreasonable behavior of her supervisors as a basis for her resignation.

35. Gannett's PDN management intentionally and with retaliatory animus had made working conditions so unreasonably intolerable for Fejeran that she had no meaningful choice but to resign and face extended unemployment.

### III. Request for Relief

WHEREFORE, Plaintiff requests that this Court:

36. Award Plaintiff compensation for general damages in accordance with the law and as proven; and

37. Award Plaintiff punitive damages in accordance with the law and as proven; and

VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 7

38. Award Plaintiff her reasonable attorney's fees; and

39. Award Plaintiff her costs and disbursements; and

40. Award Plaintiff any and all other relief this Court deems just and proper.

### IV. Demand for a Jury Trial

41. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Respectfully submitted at Hagatna, Guam on this 31st day of August, 2015.

*The Law Office of John Richard Bordallo Bell*

By _____
John Richard Bordallo Bell, Esq.

### VERIFICATION

The undersigned, being first duly sworn, deposes and says that she is a party to the above-entitled matter; the foregoing document is true of her own knowledge, except as to matters which are therein stated on her information or belief and as to those matters she believes them to be true.

_____
NINA M. FEJERAN, Plaintiff

SUBSCRIBED AND SWORN to before me this 31* day of August, 2015
) ss.
) Maite
) Guam

_____ NOTARY PUBLIC

FRANCES R. OGO
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: NOV. 10, 2018
Commission: NP No 14-0104P
450 Route 8, Maite GU 96910

VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 8

EEOC Form 161-A (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Nina M. Fejeran | From: | Los Angeles District Office |
| --- | --- | --- | --- |
| | 2635 Fulton Avenue, #133 | | 255 E. Temple St. 4th Floor |
| | Sacramento, CA 95821 | | Los Angeles, CA 90012 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 34G-2014-00016 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Rosa M. Viramontes,
District Director

June 3, 2015
(Date Mailed)

Enclosures(s)

cc:

Cynthia Linscott Hale
Counsel/EEO and Labor Relations
GANNETT CORPORATION (PACIFIC DAILY NEWS)
7950 Jones Branch Drive
McLean, Virginia 22107-0830

**EXHIBIT "A"**

Enclosure with EEOC
Form 161-A (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within **90 days** of the date you receive this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*